MAYOR, &c., OF JERSEY CITY v. STATE, NICHOLAS VREE-
LAND, PROSECUTOR.

1. Under the constitutional provision that "property shall be assessed
   for taxes under general laws and by uniform rules, according to its
   true value," no tax can lawfully be laid upon property, which is not
   determined either by a special benefit derived or by a valuation of
   property upon a uniform rule of valuation at its true value.
2. Assessments of water-rates on vacant lots under section 81 of the
   charter of Jersey City are not invalid for the reason that that
   section creates a taxing district territorially narrower than a political
   division.
3. Such assesments are illegal, because the amount of tax imposed is
   determined by rates adopted by the board of public works in its dis-
   cretion, without regard to special benefits or valuations.

On error to the Supreme Court.    See *ante p.* 135.

For the plaintiff in error, *Allan L. McDermott.*

*Contra, C. H. Hartshorn.*

The opinion of the court was delivered by

DEPUE, J.    The writ of *certiorari* in this case, brought to
the Supreme Court an assessment laid on the prosecutor for
water-rents under the charter of Jersey City, with respect to
the ownership of vacant lands.

Section 81 of the city charter, after providing that the
board of public works shall regulate the distribution and use
of water and fix the prices that shall be paid for the use
thereof, where water shall be taken, contains the further pro-
vision that " the board shall also from time to time fix a sum
to be assessed annually upon all vacant lots and lots with
buildings thereon in which water is not taken, if the same are
situate upon any road, street, avenue, alley, or court through
which pipes for distributing water are laid, which prices and
sums so fixed and assessed shall be denominated water-rents."
*Pamph. L.* 1871, *p.* 1131.

Jersey City v. Vreeland.

This provision of the charter is not in conflict with the principle adjudged in *State, Baldwin, pros.,* v. *Fuller,* 10 *Vroom* 576; 11 *Id.* 615; for it does not create a taxing district narrower in bounds than the political district in which the lands on which the assessments fall are situate. The tax is laid on all lands of the designated description within the city limits.

But we think assessments of this kind are invalid, because not in harmony with the system of taxation prescribed by paragraph 12, § 7, art. IV. of the amended constitution, which provides that "property shall be assessed for taxes under general laws and by uniform rules, according to its true value." This constitutional provision executed itself, and *propria vigore* abrogated all laws for laying taxes in a manner inconsistent therewith. *State, N. W. Nat'l Bank, pros.,* v. *Newark,* 10 *Vroom* 380; *S. C.,* 11 *Id.* 558. Its repealing force reached the charter of Jersey City.

Under this constitutional provision no tax can lawfully be laid upon property which is not determined either by a special benefit derived or by a valuation of the property with respect to which it is laid upon a uniform rule of valuation at its true value.

The act under which this assessment was made does not conform to either essential of a valid tax law. The tax is laid on the class of property designated in the act neither in proportion to special benefits nor upon a valuation of the property with respect to which it is laid. The rates which shall be payable by the owners of property of the specified class are such as the board of public works in its discretion shall adopt, without regard to special benefits or valuations.

For this reason we think the assessment was illegal, and that the judgment of the Supreme Court should be affirmed.

The court express no opinion on the other matters discussed by counsel and referred to in the opinion in the court below.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, SCUDDER, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN, WHITTAKER—10.

*For reversal*—None.